IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| In re: )<br>)<br>CURT CHARLES BUSCHING )<br>)<br>)<br>Debtor. )<br>_____) | Case No. 09-03131-ee<br>Chapter 7 |
| MARVIN L. SCOTT<br><br>Plaintiff,<br><br>vs.<br><br>CURT CHARLES BUSCHING<br><br>Defendant.<br>_____ | Adversary No. _____ |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBTS
AND FOR OTHER RELIEF**

COMES NOW Marvin L. Scott ("Plaintiff") and files this Complaint to determine the dischargeability of certain obligations owed by Curt Charles Busching, debtor herein ("Debtor") and for other relief. In support of this Complaint, Plaintiff would show as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff is an adult resident citizen of Jackson, Mississippi.

2. The Debtor may be served with process of this Court pursuant to Fed. R. Bankr. P. 7004(b)(9) by mailing a copy of the summons and complaint to the Debtor at the address shown in the petition, with a copy served upon Debtor's counsel pursuant to Fed.R.Bankr.P. 7004(g).

3. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I), thus jurisdiction exists under 28 U.S.C. § 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4. Commencing in or around 2005, Plaintiff and Debtor became members of Golf Cars of Mississippi, L.L.C. ("GCOM"), each owning a 50% membership interest.

5. At all times relevant hereto, GCOM was a "manager managed" limited liability company, and the Debtor was the sole manager vested with day-to-day management of the business and supervision of its affairs.

6. As a non-managing member of GCOM, Plaintiff was not involved in the day-to-day management of the business. Plaintiff primarily provided credit support to GCOM by signing personal guaranties of loan obligations as and when the Debtor advised that GCOM needed to do so in furtherance of its business.

7. GCOM was in the business of acquiring golf cars and utility vehicles for the purpose of leasing and reselling them to customers. The most typical business transaction entered into by GCOM would be one where GCOM would acquire fleets of golf cars and would finance the purchase price through a local bank, pledging as collateral the golf cars. Plaintiff and the Debtor were typically required to give personal guaranties of the obligations of GCOM to the lenders.

8. GCOM would then lease the fleet to a golf course or other end-user for a term (typically 2 or 3 years), with the leases and lease payments also being pledged to the lender as collateral and such amounts used to make the installment payments to the lender to reduce the balance owed on the loan.

9. Upon expiration of such a lease arrangement, a residual balance would be owed to the lender. GCOM's expectation was that the residual value in the golf cars would exceed the residual loan balance, therefore resulting in GCOM's ability to sell the cars for a profit net of repayment of the loan to the lender.

10. In spring of 2009, GCOM, Plaintiff and the Debtor began being named in civil actions for non-payment of loans to various lenders, and other demands were being made on defaults for non-payment and for collateral (golf cars) that could not be located by the lenders with security interests therein.

11. At or around this time, the Debtor ceased all participation in GCOM and moved to Oxford, Mississippi, eventually filing his petition under Chapter 7 which constituted an event of dissociation of the Debtor as a member from GCOM.

12. Upon investigation by Plaintiff and various of GCOM's lenders, it became apparent that numerous instances of sales of golf cars subject to the liens and security interests of GCOM's lenders had occurred and the proceeds converted or otherwise not remitted/paid to the lenders in satisfaction of their loans and their rights therein.

13. Due to these actions, the various lenders ultimately made demand upon Plaintiff's guaranty obligation, which Plaintiff was forced to satisfy due to the improper use and misapplication of funds that should have been paid to the lenders and which were subject to their liens and security interests.

14. Additionally, while GCOM was under the Debtor's control as manager, several loan documents were submitted to financial institutions containing forged signatures purporting to be that of Plaintiff but which were submitted without Plaintiff's knowledge or consent. Plaintiff continues to investigate whether or not other such forgeries exist.

15. Additionally, upon information and belief, the Debtor submitted and/or caused others acting on GCOM's behalf to submit false and fraudulent financial statements to lenders to induce them to extend credit to GCOM.

16. Consequently, Plaintiff has been forced to personally satisfy obligations of GCOM that should not have been owed had the proceeds from the sales of encumbered golf cars been properly remitted to the lenders and not knowingly and intentionally misappropriated.

17. Further, Debtor's fraudulent actions perpetuated and otherwise prevented Plaintiff from being made aware of the true financial status of GCOM and permitting the Debtor to cause GCOM to continue conduct that was tortious, conscious, intentional and certain to cause damage to Plaintiff.

18. Among the lenders whose collateral Plaintiff is aware or believes was wrongfully converted and proceeds remitted by the Debtor while serving as manger of GCOM include BankPlus, Regions Bank, National City Golf Finance, Colonial Pacific Leasing Corporation and First Commercial Bank.

19. Plaintiff, as part of his satisfaction of the GCOM obligations caused by such conduct, purchased the loans from numerous banks whose collateral was wrongfully converted and misappropriated, is a holder in due course of the instruments and assignee of all of these banks' respective rights under the loan documents.

20. At all times relevant to the matters stated herein, GCOM was a manager managed limited liability company, and the Debtor was the sole manager of GCOM ultimately responsible for all actions of the company.

### COUNT I -- NON-DISCHARGEABLE JUDGMENT
### PURSUANT TO 11 U.S.C. § 523(a)(2)

21. Plaintiff reincorporates and realleges all allegations in paragraphs 1 through 20 above.

22. There is evidence establishing numerous instances of forgeries on loan documents and, upon information and belief, submission of false and fraudulent financial statements to numerous lenders to GCOM.

23. The Debtor at all times was the Manager of GCOM and the sole legal representative responsible for the affairs of GCOM, including financial decisions and the incurring of debt.

24. In connection with obtaining extensions of credit for GCOM, for which obligations Plaintiff and the Debtor gave personal guaranties, fraudulent loan documents were submitted whereby Plaintiff's signature was forged without Plaintiff's knowledge or consent.

25. In connection with obtaining extensions of credit for GCOM, for which obligations Plaintiff and the Debtor gave personal guaranties, false financial statements are believed to have been issued.

26. Due to the gross mismanagement of GCOM leading to its financial demise, Plaintiff was forced to incur liability to various banks and financial institutions for these obligations of GCOM that were made based upon false and fraudulent documents submitted by the Debtor on GCOM's behalf.

27. The Debtor's actions relating to these fraudulent actions comprise actions pursuant to which he, acting alone or in concert with others he supervised and/or for whom he bore sole responsibility for their acts, obtained financing for GCOM by actual fraud and by use of materially false statements regarding his and/or insider's financial condition, which statement was reasonably relied upon by creditors and which the Debtor submitted with the intent to deceive. Plaintiff is entitled to a non-dischargeable judgment in an amount to be proven at trial as to which he became liable due to the Debtor's actions.

## COUNT II -- NON-DISCHARGEABLE JUDGMENT
## PURSUANT TO 11 U.S.C. § 523(a)(4)

28. Plaintiff reincorporates and realleges all allegations in paragraphs1 through 27 above.

29. As manager of GCOM, the Debtor owed fiduciary duties and a duty of care and loyalty to Plaintiff as a member of GCOM.

30. As manager of GCOM, the Debtor breached these duties by knowingly, intentionally and wrongfully disposing of collateral of numerous lenders and by failing to remit proceeds of sales to satisfy indebtedness owed and secured by collateral, all without knowledge or consent of Plaintiff.

31. As a direct consequence of the Debtor's actions, Plaintiff incurred liability that would not have been incurred had the Debtor not knowingly and intentionally taken such actions.

32. The Debtor's actions constitute defalcation while acting in a fiduciary capacity and entitle Plaintiff to a non-dischargeable judgment in an amount to be proven at trial.

## COUNT III -- NON-DISCHARGEABLE JUDGMENT
## PURSUANT TO 11 U.S.C. § 523(a)(6)

33. Plaintiff reincorporates and realleges all allegations in paragraphs 1 through 32 above.

34. As manager of GCOM, the Debtor owed fiduciary duties and a duty of care and loyalty to Plaintiff as a member of GCOM.

35. Furthermore, Debtor at all times knew that the actions described hereinabove were certain to injure or substantially certain to injure GCOM's lenders, and thereby injure Plaintiff by having to satisfy the indebtedness that was wrongfully not repaid to said lenders.

36. The Debtor's actions constitute conversion of collateral and proceeds rightfully belonging to GCOM's lenders, which are intentional and knowing acts repeatedly taken.

37. Plaintiff, either in his individual capacity as a guarantor having satisfied such wrongfully unpaid indebtedness, or in his capacity as a holder in due course of the instruments evidencing the wrongfully unpaid indebtedness, incurred substantial damages due to the Debtor's knowing, conscious and willful actions.

38. The Debtor's actions constitute willful and malicious injury by the Debtor to Plaintiff and to property of Plaintiff and entitle Plaintiff to a non-dischargeable judgment in an amount to be prove at trial.

WHEREFORE, premises considered, Scott respectfully requests that the Court enter a judgment against the Debtor and in Plaintiff's favor granting the following relief:

A. Granting a judgment to Scott and adjudging the amounts owed by the Debtor to Scott to be non-dischargeable under 11 USC §§ 523(a)(2), (4) and/or (6); and

B. Granting such other relief as it deems just.

This the 30th day of March, 2010.

Respectfully submitted,

MARVIN L. SCOTT

By: /s/ *Douglas C. Noble*

Douglas C. Noble, MS Bar No. 10526
Sean R. Guy, MS Bar No. 100362
**McCraney, Montagnet & Quin, PLLC**
602 Steed Road • Suite 200
Ridgeland, Mississippi 39157
Telephone: (601) 707-5725
Facsimile: (601) 510-2939
E-Mail: dnoble@mmqlaw.com
sguy@mmqlaw.com
Web: www.mmqlaw.com

## CERTIFICATE OF SERVICE

I, DOUGLAS C. NOBLE, hereby certify that I electronically filed the foregoing with the Clerk of the Court using the ECF system and that the following received notice thereof:

> Office of the U. S. Trustee
> USTPRegion05.JA.ECF@usdoj.gov
>
> Eileen N. Shaffer
> enslaw@bellsouth.net
>
> Derek A. Henderson
> d_henderson@bellsouth.net
> dhenderson@ecf.epiqsystems.com

THIS the 30th day of March, 2010.

/s/ <i>Douglas C. Noble</i>