**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| CURT CHARLES BUSCHING | CASE NO. 09-03131-EE |
| MARVIN L. SCOTT | PLAINTIFF |
| VS. | ADV. PROC. NO. <u>10-00023-ee</u> |
| CURT CHARLES BUSCHING | DEFENDANT |
| VS. | |
| MARVIN L. SCOTT | COUNTER-DEFENDANT |

**CURT CHARLES BUSCHING'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBTS AND FOR OTHER RELIEF, AND COUNTER-CLAIM**

**COMES NOW**, Curt Charles Busching (hereinafter referred to as "Busching"), by and through his attorney, and files this his Answer to the Complaint to Determine Dischargeability of Debt and For Other Relief filed on behalf of Marvin L. Scott (hereinafter referred to as "Scott"), and Counter-Claim, and would show unto the Court as follows, to-wit:

<u>**AFFIRMATIVE DEFENSES**</u>

1.   The Complaint fails to state a cause of action upon the relief sought therein may be granted.

2.   The Plaintiff's claims are barred by the Doctrine of Comparative and/or Contributory Negligence.

3.   That Scott has continually failed and/or refused to mitigate any damages that he may claim.

4. And now, without waiving any of his other defenses, Busching responds to the Complaint, paragraph by paragraph as follows, to-wit:

**ANSWER TO COMPLAINT**

1. Busching admits paragraph 1 of the Complaint.

2. Busching admits paragraph 2 of the Complaint.

3. Busching admits paragraph 3 of the Complaint.

4. Busching admits paragraph 4 of the Complaint.

5. Busching denies paragraph 5 of the Complaint as he does not know what Scott's definition of a "Manager Managed" limited liability company is.

6. Busching denies paragraph 6 of the Complaint. Scott was involved in the day-to-day management of the business as he was involved in various meetings with lenders and with various business decisions, as well as the purchase of the business. At all times relevant, Scott was kept fully informed of the business activities.

7. Busching admits paragraph 7 of the Complaint.

8. Bushing would deny paragraph 8 and would show that the leases were for a term typically four to five years, and some as long as seven.

9. Busching admits paragraph 9 of the Complaint.

10. Busching admits that he and Scott began being named in civil actions beginning in the spring of 2009, but denies the remaining allegations of paragraph 10 of the Complaint.

11. Bushing would deny the inference that he moved to Oxford, Mississippi in the Spring of 2009, and would show that he did not voluntarily cease all participation in GCOM.

12. Bushing denies that there was any conversion of any golf cars and/or proceeds.

13. Bushing denies paragraph 13 as it is apparent that Scott did not satisfy lenders'

demands as BankPlus is asserting a claim in this proceeding.

14. Busching denies the inference that he ever submitted loan documents containing any forged signatures purporting to be that of Scott's and/or financial statements submitted without Scott's knowledge or consent.

15. Busching denies paragraph 15 of the Complaint.

16. Busching denies that he misappropriated any funds.  Busching does not have sufficient information regarding the allegations of paragraph 16 and hereby denies same.

17. Busching denies paragraph 17 of the Complaint and would show that Scott was frequently provided financial information regarding the business and attended meetings with banks, with lenders and management of GCOM.

18. Busching denies that he converted any property and/or proceeds while serving as manager of GCOM involving BankPlus, Regions Bank, National City Golf Finance, Colonial Pacific Leasing Corporation and First Commercial Bank.

19. Busching denies paragraph 19 of the Complaint.

20. Busching does not have sufficient information to admit, or deny, the allegations of paragraph 20 of the Complaint, and hereby denies same.

### COUNT I – NON-DISCHARGEABLE JUDGMENT PURSUANT TO 11 U.S.C. §523(a)(2)

21. Busching denies paragraph 21 of the Complaint.

22. Busching denies paragraph 22 of the Complaint.

23. Busching denies paragraph 23 of the Complaint and would show that Scott owned fifty percent of the stock of GCOM and was also responsible for the financial affairs of GCOM.

24. Busching denies paragraph 24 of the Complaint.

25. Busching denies paragraph 25 of the Complaint.

26. Busching denies paragraph 26 of the Complaint.

27. Busching denies paragraph 27 of the Complaint.

### COUNT II --NON-DISCHARGEABLE JUDGMENT
### PURSUANT TO 11 U.S.C. §523(a)(4)

28. Busching denies paragraph 28 of the Complaint.

29. Busching would show that Scott owed fiduciary duties and a duty of care and loyalty to Busching as a member of GCOM, and hereby denies any inferences in paragraph 29.

30. Busching denies paragraph 30 of the Complaint.

31. Busching denies paragraph 31 of the Complaint.

32. Busching denies paragraph 32 of the Complaint.

### COUNT II --NON-DISCHARGEABLE JUDGMENT
### PURSUANT TO 11 U.S.C. §523(a)(6)

33. Busching denies paragraph 33 of the Complaint.

34. Busching would show that Scott owed him an equal amount of fiduciary duties and a duty of care and loyalty, and hereby denies any inferences in paragraph 34.

35. Busching denies paragraph 35 of the Complaint.

36. Busching denies paragraph 36 of the Complaint.

37. Busching denies paragraph 37 of the Complaint.

38. Busching denies paragraph 38 of the Complaint.

Busching denies that Scott is entitled to the relief sought in the unnumbered paragraph beginning, "Wherefore".

## COUNTER-CLAIM

### COUNT I.

Busching incorporates his Answer and Affirmative Defenses to the Complaint filed herein by Scott in this action.

### COUNT II.

That Scott owes damages to Busching for repeated violations of the automatic stay, pursuant to 11 U.S.C. §362.

### COUNT III.

That Scott owes damages to Busching as a result of slander.

**WHEREFORE, PREMISES CONSIDERED**, Busching requests that this action be dismissed with all costs being assessed to Scott, that he be awarded damages for Marvin L. Scott's actions, and for such other relief as is deemed just.

    Respectfully submitted,

    CURT CHARLES BUSCHING

    BY:   /s/ Eileen N. Shaffer
           EILEEN N. SHAFFER, His Attorney

EILEEN N. SHAFFER
MSB #1687
Post Office Box 1177
Jackson, Mississippi  39215-1177
Ph:  (601) 969-3006
Fx:  (601) 949-4002
e-mail: enslaw@bellsouth.net

CERTIFICATE OF SERVICE

I, Eileen N. Shaffer, Attorney for Curt Charles Busching, do hereby certify that I have mailed by United States Mail, postage prepaid, or electronically, a true and correct copy of the above and foregoing Answer to the following counsel of record on the day and year hereinafter set forth:

>Douglas C. Noble, Esq
>Sean R. Guy, Esq..
>Attorney for Marvin L. Scott
>dnoble@mmglaw.com
>sguy@mmglaw.com
>
>Derek A. Henderson, Esq.
>Chapter 7 Trustee
>d_henderson@bellsouth.net
>
>R. Michael Bolen
>U.S. Trustee
>USTPRegion05.JA.ECF@usdoj.gov

**SO CERTIFIED**, this the  1st  day of June, 2010.

/s/ Eileen N. Shaffer
EILEEN N. SHAFFER